**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

OWEN D. DENSON, JR.,
a/k/a HIKIM SHABAZZ,

Petitioner,

-vs- Case No. 8:13-CV-742-T-30AEP

SECRETARY, DEPARTMENT
OF CORRECTIONS,

Respondent.
_____________________________/

**ORDER**

Petitioner, an inmate of the Florida penal system proceeding *pro se*, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (hereinafter "petition") challenging convictions for burglary and armed robbery entered in 1977 by the Sixth Judicial Circuit Court, Pinellas County, Florida (Dkt. 1).

Because Petitioner filed his request for federal habeas relief after the enactment date of the Antiterrorism and Effective Death Penalty Act of 1996 (hereinafter "AEDPA"), the petition is governed by the provisions thereof. *See Wilcox v. Singletary*, 158 F.3d 1209, 1210 (11th Cir. 1998), *cert. denied*, 531 U.S. 840 (2000). The AEDPA contains several habeas corpus amendments, one of which established a "gatekeeping" mechanism for the consideration of "second or successive habeas corpus applications" in the federal courts, *see* 28 U.S.C. § 2244(b). *See Stewart v. Martinez-Villareal*, 523 U.S. 637, 641-42 (1998).

Section 2244(b) provides, in pertinent part, that before a second or successive application for habeas corpus relief is "filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A).

A review of the Court's records revealed that Petitioner previously filed a petition in this Court regarding the convictions he challenges in this action. *See Denson v. Moore, et al.*, 8:01-CV-773-T-24 (M.D. Fla. 2001) (denied September 16, 2002). Clearly, this is a successive petition.[1]

Therefore, pursuant to 28 U.S.C. 2244(b)(3), Petitioner must seek and obtain authorization from the Eleventh Circuit Court of Appeals prior to initiating this action. *See Medina v. Singletary*, 960 F.Supp. 275, 277-78 (M.D. Fla. 1997) (and cases cited therein). Petitioner has not shown that he has applied to the court of appeals for an order authorizing this Court to consider his petition. Consequently, this case will be dismissed without prejudice to allow Petitioner the opportunity to seek said authorization.

ACCORDINGLY, the Court **ORDERS** that:

1. This case is **DISMISSED** without prejudice.

2. The **Clerk** is directed to send Petitioner the Eleventh Circuit's application form for second or successive habeas corpus petitions under 28 U.S.C. § 2244(b).

---

[1]Petitioner filed a second habeas petition in this Court on July 27, 2009, *see Denson v. Sec'y Dept. of Corrections*, 8:09-CV-1428-T-30TGW, and a third habeas petition on October 27, 2011, *see Denson v. Sec'y Dept. of Corrections*, 8:11-CV-2453-T-30TGW, both of which challenged the convictions he challenges in this action, and were dismissed as successive.

3. The **Clerk** shall terminate any pending motions and close this case.

**DONE** and **ORDERED** in Tampa, Florida on March 27, 2013.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

SA:sfc
Copy furnished to:
*Pro se* Petitioner